UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------
VINCENT N. MICONE, III, ACTING              :
SECRETARY OF LABOR, UNITED STATES
DEPARTMENT OF LABOR,                         :

                Plaintiff,        :        Civil Action No. 1:24-cv-07170-JMF

               v.              :
JACOB FRYDMAN; AND IBUILT LLC GROUP
HEALTH PLAN,                                 :

               Defendants.     :
---------------------------------------------------------------

## ~~[PROPOSED]~~ ORDER AND JUDGMENT

**WHEREAS**, this action was filed by the Acting Secretary of Labor, U.S. Department of Labor (the "Acting Secretary") pursuant to Title I of the Employee Retirement Income Security Act of 1971 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and by the authority vested in the Acting Secretary by ERISA § 502(a)(2) & 502(a)(5), 29 U.S.C. § 1132(a)(5) alleging that defendant Jacob Frydman had breached his duties to the iBuilt LLC Group Health Plan (the "Plan") and its participants and beneficiaries in violation of ERISA [dkt. 3]; and

**WHEREAS**, Defendants were properly served with the complaint and summons [dkt. 13]; and

**WHEREAS**, Defendants have not answered or otherwise appeared in this matter and the clerk has entered their default [dkt. 22]; and

**WHEREAS**, this Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); venue of this action lies in the Southern District of New York under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2); this Court has personal jurisdiction over all defendants for all purposes relevant to this matter including the entry of this Order

pursuant to ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1); and

**WHEREAS**, the Acting Secretary now applies for entry of an Order in this matter, and no opposition to the application being filed;

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Acting Secretary's motion for default judgment is hereby granted and judgment is entered in favor of the Acting Secretary against Frydman.

2. Frydman is removed from his role as fiduciary to the Plan.

3. Frydman is held liable to the Plan in the total amount of $131,905.61. Frydman shall repay this amount in full to the Plan within 30 calendar days of this Order. This debt is deemed the result of defalcation while acting in a fiduciary capacity, and it shall not be dischargeable.

4. Metro Benefits Inc. (the "Independent Fiduciary") is appointed as independent fiduciary of the Plan and shall have the exclusive authority to exercise all powers previously exercised or held by Frydman with respect to the Plan, including but not limited to full authority and control with respect to the management or disposition of the assets of the Plan.

5. Frydman shall cooperate fully with the Independent Fiduciary in the performance of the Independent Fiduciary's duties and responsibilities, and shall require that all employees, attorneys, agents, advisers, and representatives, as a condition of maintaining their relationships with Frydman, cooperate fully with the Independent Fiduciary in the performance of the Independent Fiduciary's duties and responsibilities.

6. The Independent Fiduciary shall be free to consult with the Acting Secretary, the Internal Revenue Service, other federal, state, and local governmental agencies, and any other person or entity that the Independent Fiduciary believes appropriate in the conduct of the

Independent Fiduciary's duties, including attorneys, accountants, actuaries, and other service providers.

7.  The Independent Fiduciary shall be entitled to receive fees and expenses reasonably and necessarily incurred in administrating and terminating the Plan, not to exceed $7,200. Should the scope of the Independent Fiduciary's work change, the Independent Fiduciary may petition the court to increase this amount.

8.  Frydman shall be responsible for paying the reasonable fees and expenses of the Independent Fiduciary.

9.  On a quarterly basis, the Independent Fiduciary shall provide the Acting Secretary and Frydman with a report of all significant actions taken and all funds expended.

10. This Order shall operate as a full, final, and complete judicial resolution and disposition of all claims asserted in the Complaint by the Acting Secretary against Defendants.

11. This matter is deemed closed; however, the Independent Fiduciary may apply to the Court for clarification of this Order or enforcement of this Order's terms.

**SO ORDERED.**

DATED:   ___March 5, 2025___    _____

The Clerk of Court is directed to terminate ECF No. 23, enter judgment for Plaintiff consistent with this Order, and close the case.